UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| IN RE: THE COMPLAINT AND           § <br> PETITION OF KING FISHER       § <br> MARINE SERVICE, L.P.,                § <br> AS OWNER OF THE                       § <br> LEONARD M. FISHER, ITS          § <br> ENGINES, TACKLE, APPAREL, ETC. § <br> IN A CAUSE FOR EXONERATION § <br> FROM OR LIMITATION OF         § <br> LIABILITY.                                    § | CIVIL ACTION NO. V-07-106 |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Claimants' Motion to Dismiss Petitioner's Limitation Action; or Alternatively, to Require Petitioner to Establish a Separate Limitation Fund for Each Distinct Occurrence (Dkt. No. 20.) After reviewing the arguments of the parties and the applicable law, the Court is of the opinion that Claimants' Motion should be DENIED.

**Factual Background**

Petitioner King Fisher Marine Service, L.P. ("King Fisher") claims that it owns the Dredge Leonard M. Fisher, its engines, gear, tackle, etc. ("the Vessel"), and that on or about February 3, 2007, the Vessel commenced a voyage in the vicinity of Port Lavaca, Texas, that ended on or about July 31, 2007, also in the vicinity of Port Lavaca, Texas. On May 8, 2007, Claimant Orlando Ramos, a deckhand, allegedly sustained injuries to his lower back and other parts of his body while making an attachment to the Vessel's discharge pipeline. Roughly a month later, on June 12, 2007, Claimant Advanto Cano, also a deckhand, allegedly sustained injuries to his neck and lower back when he slipped and fell into the water from a pontoon. Then on July 26, 2007, Claimant Donato Perez, a

1

dredge tender operator, allegedly sustained injuries to his right ankle while walking from the cabin of a dredge tender.  All three men ("Claimants") subsequently filed separate lawsuits in Texas state court against King Fisher under the Jones Act and general maritime law alleging that their injuries were caused by King Fisher's negligence and the unseaworthiness of the Vessel. *Ramos v. King Fisher Marine Service, L.P.*, No. DC-07-244-A (229th Dist. Ct., Starr County, Tex., May 18, 2007); *Cano v. King Fisher Mariner Service, Inc., King Fisher Marine Service, L.P, and Orion Marine Group Inc.*, No. A-0179723 (58th Dist. Ct., Jefferson County, Tex., July 27, 2007); *Perez v. King Fisher Marine Service, L.P.*, No. D-179793 (136th Dist. Ct., Jefferson County, Tex., Aug. 10, 2007).

King Fisher contends that it exercised due diligence to make and maintain the Vessel in all respects seaworthy, and that the injuries sustained by Claimants were not caused or contributed to by any design, fault, neglect, or want of care on the part of King Fisher, or by any unseaworthiness attributable to the Vessel. (Dkt. No. 1.) King Fisher further alleges that any injury sustained by the claimants could only have been occasioned and incurred without its privity or knowledge, and that the value of its interest in the Vessel at the end of the voyage on which claimants sustained injury did not exceed $2 million. (*Id.*)

## Applicable Law

The Limitation of Liability Act (LLA), 46 U.S.C. §§ 30501—30512, "allows a vessel owner to limit liability for damage or injury, occasioned without the owner's privity or knowledge, to the value of the vessel or the owner's interest in the vessel." *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 439 (2001).  The right to limited

2

liability exists not only for property damage, but also extends to claims for personal injury and death. *Butler v. Boston and Savannah Steamship Co.*, 130 U.S. 527, 549 (1889). In such cases, a vessel owner may seek limited liability or complete exoneration from liability. *In re Tetra Applied Technologies L.P.*, 362 F.3d 338, 342 (5th Cir. 2004).

Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims sets forth the procedure for a limitation action. *Lewis*, 531 U.S. at 438. The Supreme Court in *Lewis* explained the Rule in general terms:

> The district court secures the value of the vessel or owner's interest, marshals claims, and enjoins the prosecution of other actions with respect to the claims. In these proceedings, the court, sitting without a jury, adjudicates the claims. The court determines whether the vessel owner is liable and whether the owner may limit liability. The court then determines the validity of the claims, and if liability is limited, distributes the limited fund among the claimants.

*Id.* The owner of a vessel seeking to limit its liability must bring an action within six months after a claimant gives the owner written notice of a claim. 46 U.S.C. § 30511. "If a petition is not filed within the six-month period, it must be dismissed as untimely." *Exxon Shipping Co. v. Cailleteau*, 869 F.2d 843, 846 (5th Cir. 1989).

Once a shipowner initiates a limitation action, the district court stays all related proceedings against the owner, requiring all claimants to assert their claims in the limitation action. *See Texaco, Inc. v. Williams*, 47 F.3d 765, 767 (5th Cir. 1995) ("When a shipowner invokes the Act the federal court may stay all other proceedings against the shipowner arising out of the same accident and require all claimants to timely assert their claims in the limitation court."); *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir. 1992). The district court maintains exclusive admiralty jurisdiction of the suit, while "saving to suitors" all other remedies to which

they are otherwise entitled under state law. *Id.* (quoting 28 U.S.C. § 1333). The district court may lift the stay and allow claimants to proceed in state court only if "all claimants . . . sign a stipulation protecting the vessel owner's rights under the . . . Act." *In re Complaint of ADM/Growmark River Sys., Inc.*, 234 F.3d 881, 885—86 (5th Cir. 2000).

## Procedural Background

Petitioner King Fisher, as owner of the Dredge Leonard M. Fisher, its engines, gear, tackle, etc., brought this action for exoneration from or limitation of liability, civil and maritime, under the LLA, Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. (Dkt. No. 1.) Claimants Ramos, Perez, and Cano filed separate claims and answers (Dkt. Nos. 13, 14 & 15), and the Court entered Judgment by Default against any individuals, corporations, or other entities that had not filed claims or answers before the court-ordered deadline of April 14, 2008 (Dkt. Nos. 7 & 25). Claimants then filed an Unopposed Motion to Lift Stay Subject to Their Pending Motion to Dismiss, in which they stipulated not to seek enforcement of any state court judgment that exceeds the amount established as the proper limitation fund in this action. (Dkt. No. 27.) The Court granted the motion and lifted the stay of Claimant's state court actions, subject to Claimants' stipulations. (Dkt. No. 28.)

Meanwhile, Claimants also filed a joint Motion to Dismiss Petitioner's Limitation Action; or Alternatively, to Require Petitioner to Establish a Separate Limitation Fund for Each Distinct Occurrence. (Dkt. No. 20.) Claimants contend that this action should be dismissed because to state a claim under the Act, King Fisher must file a separate limitation action for each distinct occurrence, and that since King Fisher improperly

4

lumped together three distinct occurrences into the same limitation action, that King Fisher has failed to state a claim upon which relief may be granted. Claimants further argue that because King Fisher did not file a proper limitation action as to each Claimant within the six month deadline, it is now time-barred from doing so.

## Standard of Review

Rule 12(b)(6) provides that a party may move to dismiss an action for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). When considering a Rule 12(b)(6) motion, a court must accept the plaintiff's allegations as true and draw all reasonable inferences in his favor. *See Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 164 (1993); *United States v. Gaubert*, 499 U.S. 315, 327 (1991). A court may not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (citing *St. Paul Ins. Co. of Bellaire, Texas v. AFIA Worldwide Ins. Co.*, 937 F.2d 274, 279 (5th Cir. 1991)).

Dismissal can be based on either a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *See Frith v. Guardian Life Ins. Co. of Am.*, 9 F. Supp. 2d 734, 737—38 (S.D. Tex. 1998). While a complaint need not contain detailed factual allegations to survive a 12(b)(6) motion, the Supreme Court held that a plaintiff's "obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964–65, 1969 (2007) (abrogating the *Conley v. Gibson*, 355 U.S. 41 (1957) 'no set of facts' standard as "an incomplete, negative gloss on an accepted pleading

standard") (citations omitted). Plaintiff must allege "enough facts to state a claim to relief that is plausible on its face" and "raise a right to relief above the speculative level." *Id.* at 1974; *Nationwide Bi-Weekly Admin., Inc. v. Belo Corp.*, 512 F.3d 137, 140 (5th Cir. 2007).

## Analysis

Citing *In re Exxon Shipping Co.*, 869 F.2d 843, 843 (5th Cir. 1989), Claimants argue that this action should be dismissed because pursuant to the "distinct occasion" rule initially codified under 46 U.S.C. § 183(d) and now recodified under 46 U.S.C. § 30506(d), King Fisher is required to file a separate limitation action for each claimant because each claimant suffered injuries during unrelated, "distinct occasions." (Dkt. No. 20.) King Fisher contends that Claimants' motion to dismiss should be denied because 1) *Exxon Shipping* concerned only whether limitation actions were timely filed, and timely filing of this action is not in dispute; 2) unlike *Exxon Shipping*, this action does not concern separate and "distinct occasions;" and 3) even if the Court concludes that this action does concern three distinct occasions, Claimants' motion to dismiss should be denied because the factual foundation for a limitation of liability proceeding still exists. (Dkt. No. 29.) The only difference would be that possibly separate limitation funds, and not one fund, would be warranted. (*Id.*) But, since the Vessel is not a "seagoing vessel," separate funds are not required. (*Id.*)

Another Court in the Southern District of Texas recently decided this exact issue in another case involving Petitioner King Fisher. *In re the Complaint and Petition of King Fisher Marine Service, L.P. as Owner of the J.N. Fisher, its Engines, Tackle, Apparel Etc. in a Cause for Exoneration from or Limitation of Liability*, 2008 WL 2368730 (S.D.

6

Tex., May 30, 2008) ("*J.N. Fisher*").[1] *J.N. Fisher* involved two crewmembers who were allegedly injured while working on another of King Fisher's dredges during a roughly six month voyage from Corpus Christi, Texas, to Victoria, Texas, in the Spring of 2007. *Id.* at *1. Hector de Leon allegedly injured his lower back in March 2007, and Jesus Gilberto Rodriguez allegedly injured his lower back, neck, shoulder, and arm nearly a month later, in April 2007. *Id.* After King Fisher filed a limitation action in the Southern District of Texas, Houston Division, claimants Leon and Rodriguez filed a Motion to Dismiss Petitioner's Limitation Action; or Alternatively, to Require Petitioner to Establish a Separate Limitation Fund for Each Distinct Occurrence. *J.N. Fisher*, 2008 WL 2368730 (Dkt. No. 23), 2008 WL 2214531.

The same counsel who represented the claimants in *J.N. Fisher* represent Claimants in this case, and King Fisher was also represented by the same attorneys in both cases. As a result, with the exception of the claimants' identities and the names of the vessels involved, the claimants' briefs in both cases are indistinguishable. *Id.* Likewise, King Fisher responded with identical legal arguments in both cases. *J.N. Fisher*, 2008 WL 2368730 (Dkt. No. 29), 2008 WL 2214532.

*J.N. Fisher* was decided after the parties filed their briefs in this action, and neither party subsequently brought the *J.N. Fisher* decision to the Court's attention. As a result, the Court had already conducted an extensive analysis of the parties' arguments and the applicable law before it discovered the *J.N. Fisher* opinion. Upon independent review of the arguments and law, the Court agrees with Judge Lake's reasoning, analysis, and conclusion. The Court hereby adopts the decision in *J.N. Fisher* in its entirety.

---

[1] While the proper short form for this case is *In re King Fisher Marine Service, L.P.*, in order to prevent any confusion, the Court will refer to the case by the dredge's name, *J.N. Fisher*.

7

After an in-depth and comprehensive analysis of Fifth Circuit and Supreme Court precedent regarding limited liability actions, the court in *J.N. Fisher* denied the claimants' motion to dismiss, concluding that King Fisher did not need to file two limitation funds instead of one. *J.N. Fisher*, 2008 WL 2368730, at *11. The court reasoned:

> The "distinct occasion" test and the rationale underlying it applied by the court in *Exxon Shipping* can reasonably be applied by other courts to cases in which "the measure or unit for limitation of liability is the event, accident or disaster giving rise to the claim or group of claims," 869 F.2d at 846, but not to cases in which the measure or unit for limitation of liability is the voyage during which the events, accidents, or disasters giving rise to the claim or group of claims occurred. Since the Vessel in this action was on a voyage when the claimants were injured, the measure or unit for limitation of liability is the voyage and not the "distinct occasions" in which they were injured, unless the "distinct occasion" rule contained in the Act's personal injury and loss of life provision, 46 U.S.C. § 30506, can be applied. Since the "distinct occasions" in which the claimants were injured occurred during a single voyage, the court agrees with petitioner that the facts of this case are substantively distinguishable from those at issue in *Exxon Shipping*, and that the rationale underlying *Exxon Shipping*'s application of the "distinct occasion" rule cannot be applied in this case. Therefore, unless the Vessel was a "seagoing vessel" under the Act, the measure or unit for limitation of liability is, as petitioner argues, the voyage and not, as claimants argue, the "distinct occasions" in which they were injured.

*Id.* at *9.

Whether the J.N. Fisher was a "seagoing vessel" was crucial to the court's analysis because the distinct occasion rule in Section 30506 specifically states:

> *This section applies only to seagoing vessels*, but does not apply to pleasure yachts, tugs, towboats, towing vessels, tank vessels, fishing vessels, fish tender vessels, canal boats, scows, car floats, barges, lighters, or nondescript vessels.

46 U.S.C. § 30506 (emphasis added); *J.N. Fisher*, 2008 WL 2368730, at *10. The court then concluded:

8

> Since the Fifth Circuit has defined "seagoing vessel" for purposes of the Act as a vessel that is either intended to navigate or does navigate beyond twelve nautical miles from the Coast of the United States, *Matter of Talbot Big Foot*, 854 F.2d at 761-62, the undisputed evidence provided by the Boyd affidavit establishes that the Vessel is not a "seagoing vessel" under the Act. Accordingly, the court is not persuaded that the "distinct occasion" rule contained in the Act's personal injury and loss of life provision requires petitioner to establish two limitation funds.

*J.N. Fisher*, 2008 WL 2368730, at *11.

Under the *J.N. Fisher* analysis, the Court must determine 1) whether the Leonard M. Fisher ("the Vessel") was on a voyage when Claimants were allegedly injured, and 2) whether the Vessel is a "seagoing vessel." In its complaint, King Fisher states, "The Dredge Leonard M. Fisher commenced a voyage on or about February 3, 2007, in the vicinity of Port Lavaca, Texas, which ended on or about July 31, 2007, in the vicinity of Port Lavaca, Texas," and that all alleged injuries were sustained during that voyage. (Dkt. No. 1.) For purposes of Claimants' motion to dismiss, the Court accepts as true King Fisher's allegation that the Vessel was on a voyage when Claimants were allegedly injured.

Next, the Court must determine whether the Vessel is a "seagoing vessel." In an affidavit attached to King Fisher's Response to Claimant's Motion to Dismiss, Wayne Boyd states that the Vessel:

> is a 20" cutter head suction dredge owned and operated by King Fisher Marine Service, L.P. The design, function, and purpose of the LEONARD M. FISHER is to conduct dredging operations in the inland waterways. The Leonard M. Fisher is not a seagoing vessel and does not, is not intended to, and is not capable of navigating or operating beyond the boundary line of twelve (12) nautical miles from the Gulf Coast.

(Dkt. No. 29 Ex. B.) The only difference between the Leonard M. Fisher and the description Mr. Boyd gave of the J.N. Fisher is that the cutter head on the Leonard M.

9

Fisher is two inches larger. *See J.N. Fisher*, 2008 WL 2368730, at *11. The Court concludes that the Leonard M. Fisher is not a "seagoing vessel."

Because the Vessel is not a "seagoing vessel," the "distinct occasion" rule contained in the Act's personal injury and loss of life provision, 46 U.S.C. § 30506, does not apply. Therefore, the measure or unit for limitation of liability is the voyage and not the "distinct occasions" in which Claimants were allegedly injured. Because all Claimants were allegedly injured on one voyage, one limitation action is appropriate.

## Conclusion

For the reasons explained above, the Court concludes that that King Fisher need not establish three limitation funds instead of one. Accordingly, Claimants' Motion to Dismiss Petitioner's Limitation Action; or Alternatively, to Require Petitioner to Establish a Separate Limitation Fund for Each Distinct Occurrence (Dkt. No. 20) is DENIED.

It is so ORDERED.

SIGNED this 12th day of November, 2008.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE